STATE OF IOWA, Appellee, v. CARL KELSO, Appellant.

CRIMINAL LAW: Alibi—Evidence. Evidence held to present a jury
1　question on the issue of alibi.

CRIMINAL LAW: Confessions—Admissibility. A confession is not
2　inadmissible simply because it was made at a time when the ac-
cused was in the custody of the officers of the law.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

NOVEMBER 19, 1924.

THE defendant was convicted of the crime of robbery with
a deadly weapon, and appeals.—*Affirmed.*

*C. H. Miller,* for appellant.

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant
Attorney-general, and *Vernon·R. Seeburger,* County Attorney,
for appellee.

VERMILION, J.—The appellant presents but two propositions
for our consideration: (1) That his defense of alibi was suc-
cessfully established by the evidence, and he was therefore en-
titled to an acquittal; (2) that the court erred in admitting in
evidence a written confession made by the defendant.

As to the first proposition, the question was one for the
determination of the jury, and the verdict determined it against
the appellant. A brief statement of the testimony will indicate
that the situation in this respect is by no means
such as to require our interference. The crime
for which the appellant was convicted was the
robbery of one Amack, the person in charge of a filling station
situated at East Thirtieth and Dean Streets in the city of Des
Moines. At about 8:20 P. M. of Saturday, January 12, 1924,
two men drove up to the filling station in a Hudson sedan, and

one of them, at the point of a revolver, compelled Amack to give him the cash on hand. This man was masked, but was recognized by Amack as Harold Hite. The other man was driving the car. Shortly thereafter, the police gave chase to a Hudson sedan that was seen going west at Fifteenth and Maury Streets. Maury Street is parallel with Dean Street, and six blocks south of it. The Hudson car ran into a tree. Hite was seen getting out of the car, and was captured. Another man was seen running away, and escaped. The appellant was arrested about 3 A. M. the same night, at the house of his brother at 700 West Second Street, in company with his divorced wife, Rose, whose maiden name was Smith.

The appellant claimed to have met his former wife, at 8:30 P. M., and to have been with her at her room and at his brother's house until his arrest. In this she corroborated him. He was also corroborated as to a part of the time by his sister, his brother, his mother, and his father. The general locality where they claim to have seen him is some two or three miles from the scene of the robbery.

Testimony was introduced by the State in rebuttal from which the jury could have found that, about 9 P. M. of the night in question, the appellant was at a grocery store on Scott Street, a point much nearer the scene of the robbery and the automobile wreck than the house at which he was found; that he then used the telephone, calling a woman by the name of Rose Smith; and that he left in a taxi. In this state of the record, it is clear that the jury was not required to accept as true the testimony of the witnesses offered in support of his alibi.

The sole ground of appellant's complaint in respect to the admission of the confession is that he was in custody of the officers at the time it was made. This fact alone would not render the confession inadmissible. *State v. Hickman*, 195 Iowa 765; *State v. Kilduff*, 160 Iowa 388. There is nothing in the testimony to even suggest that the confession was not entirely voluntary.

2. CRIMINAL LAW: confessions: admissibility.

It appears from the appellant's own testimony, as well as that introduced by the State, that no threats or promises of any kind were made, to induce the confession. He testified that he

signed the typewritten paper introduced in evidence without reading it, and upon the assurance that it was the same as a hand-written statement previously signed by him. The testimony on behalf of the State was to the effect that he read it before signing. The statement written in longhand appears not to have been introduced in evidence, and the typewritten one is not in the record before us. The appellant's explanation was before the jury. No complaint is made of the instructions, and they are not set out in the record.

There is no claim, aside from the contention that the alibi was established, that the evidence was not sufficient to sustain the verdict.

The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.